NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PAUL H. YOON, ELIZABETH F. YOON, TOBY DORAN, THOMAS J. DORAN,**
*Claimants-Appellants*

v.

**DOUGLAS A. COLLINS, Secretary of Veterans Affairs,**
*Respondent-Appellee*

---

2025-1839

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 25-255, Judge Grant Jaquith.

---

**ON MOTION**

---

Before DYK, MAYER, and REYNA, *Circuit Judges*.

PER CURIAM.

**O R D E R**

Paul H. Yoon, Elizabeth F. Yoon, Toby Doran, and Thomas J. Doran petitioned the United States Court of Appeals for Veterans Claims for a writ of mandamus. Having not yet received a decision, they filed an appeal from what

they contend is a constructive denial, and the Yoons submit a motion for an injunction pending the appeal. The Secretary of Veterans Affairs opposes and submits a motion to dismiss, which the appellants oppose.

This matter concerns the Yoons' and Dorans' claims for education benefits arising from their periods of military service. The Department of Veterans Affairs denied benefits based on its understanding that these claimants lack a break in service required by the Post-9/11 GI Bill. Recently, however, the Court of Appeals for Veterans Claims issued its decision in *Perkins v. Collins*, No. 24-6515 (Vet. App. May 16, 2025), rejecting that understanding. It appears that after the underlying petition was filed, the Department issued a decision awarding the claimed benefits to the Dorans, ECF No. 2 at 2 n.2; ECF No. 26 at 28. However, the Dorans have expressed confusion over finality of that decision, the Secretary's response does not clarify or provide any status as to any decision on the Yoons' claim, and the Court of Appeals for Veterans Claims has not yet issued any decision on the underlying petition, perhaps based on the filing of the notice of appeal.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) No later than June 24, 2025, the Secretary is directed to inform this court of the status of both the Yoons' claims and the Dorans' claims, including whether the Secretary intends to award benefits.

(2) The case is remanded to the Court of Appeals for Veterans Claims to the extent necessary for further proc-

eedings on the writ.

FOR THE COURT

June 20, 2025
Date

Jarrett B. Perlow
Clerk of Court